IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-2566-PAB-CBS

SUPERIOR MEDICAL SUPPLY, INC., a Colorado corporation,

    Plaintiff,

v.

SUPERIOR MEDICAL COMPANY, a Texas corporation,
MICHAEL E. ARNOLD, an individual, and
MICHAEL A. DIRKSEN, an individual,

    Defendants.

---

## CONSENT DECREE

---

**I.**    **BACKGROUND**

On September 27, 2012, Plaintiff, Superior Medical Supply, Inc. ("Plaintiff"), asserted claims against Defendants, Superior Medical Company, Michael A. Dirksen, and Michael E. Arnold ("Defendants") for infringement of the trademark "SUPERIOR MEDICAL SUPPLY, INC." in violation of 15 U.S.C. § 1114 and the common law, for unfair competition in violation of 15 U.S.C. § 1125(a) and the common law, and for Deceptive Trade Practices under the Colorado Consumer Protection Act in violation of Colo. Rev. Stat. §§ 6-1-113 & 103. Defendants filed an Answer generally denying the allegations of Plaintiff and denying that Defendants are liable for the actions complained of by Plaintiff, while also counterclaiming against Plaintiff on various trademark grounds and seeking other legal relief. Plaintiff and Defendants, represented by the attorneys listed below, have now agreed to the settlement of this action, and have entered into a SETTLEMENT AGREEMENT. Pursuant to the terms and

conditions of said SETTLEMENT AGREEMENT, Plaintiff and Defendants hereby jointly request entry of this CONSENT DECREE.

Accordingly, the Court, being fully advised in the premises, ORDERS AND DECREES that:

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and the Parties in this case.

2. Venue in this District is proper pursuant to 28 U.S.C. § 1391.

## III. TRADEMARK OWNERSHIP

3. Plaintiff is the owner of the trademark "SUPERIOR MEDICAL SUPPLY, INC," and U.S. Trademark Registration No. 2980323 issued for said trademark.

## IV. FINDINGS OF FACT

4. Defendants have sent goods, and invoices for the goods, to various medical facilities and practitioners across the country using the name "Superior Medical Company";

5. Defendants' sending of goods included, for example, sending two cases of gloves to a recipient accompanied by an invoice for the goods demanding an exorbitant sum of money, relative to the retail price of the goods, in these cases $494.64. Defendants typically follow up with a phone call or calls demanding payment;

6. Plaintiff has received numerous complaints from the recipients of Defendants' goods complaining to Plaintiff that they did not order the goods received. The recipients of the goods mistakenly associate Defendants' actions with Plaintiff, due to the confusingly similar name of Defendants' corporation. The recipients of the goods, thereafter, associate Defendants' actions with Plaintiff's business.

7. Defendants' invoice scheme operates within and/or overlaps with Plaintiff's legitimate channels of trade;

## V. CONCLUSIONS OF LAW

8. The foregoing acts of Defendants have damaged Plaintiff's reputation in the channels of commerce within which it operates and the good will associated with its trade name and trademark "SUPERIOR MEDICAL SUPPLY, INC."

9. Plaintiff has prior lawful rights of use to Defendants in use of the word "SUPERIOR" and/or the phrase "SUPERIOR MEDICAL" as used in Plaintiff's trade name and trademark "SUPERIOR MEDICAL SUPPLY, INC," and Defendants' actions constitute infringement of the trademark "SUPERIOR MEDICAL SUPPLY, INC." in violation of 15 U.S.C. § 1114 and the common law, unfair competition in violation of 15 U.S.C. § 1125(a) and the common law, and Deceptive Trade Practices under the Colorado Consumer Protection Act in violation of Colo. Rev. Stat. §§ 6-1-113 & 103.

10. Plaintiff has no adequate remedy at law for the damage done to it by the acts of Defendants as described above.

## VI. STIPULATED DECREE

11. Immediately upon execution of this CONSENT DECREE, Defendants, any and all companies and businesses owned or controlled by Defendants, their successors, assigns and transferees, affiliates and subsidiaries, and their officers, directors, shareholders, owners, members, managers, employees, contractors, agents, servants, and representatives, and all persons in active concert or participation with any one or more of them, are permanently enjoined from:

A. Using the Superior Medical Supply, Inc. mark, or any marks or references confusingly similar thereto, or using any other marks, words, or names of Plaintiff, or marks confusingly similar thereto, in conjunction with advertising or promotion of Defendants' goods or services, or otherwise infringing the Superior Medical Supply, Inc. mark;

B. Committing any acts of unfair competition and from creating a false designation of origin or a false description or representation with respect to the Superior Medical Supply, Inc. mark, including, without limitation, any use of Plaintiff's mark, in whole or in part, in association with fraudulent and unsolicited invoices;

C. Committing any acts of unfair competition by selling or passing off, or inducing or enabling others to sell or pass off, goods that are not Plaintiff's goods as those of Plaintiff;

D. Using in any manner packages, labels, signs, literature, and display cards, other packaging, advertising, or promotional materials, or other materials related to Defendants' goods or services bearing the mark, name and words "SUPERIOR MEDICAL SUPPLY, INC.," the phrase "SUPERIOR MEDICAL" and/or the word "SUPERIOR" in any manner or combination whatsoever, separately or together, and any other mark, word, or name confusingly similar to the Superior Medical Supply, Inc. mark for advertising or promotional purposes;

E. Making any statements on promotional materials or advertising for Defendants' goods or services that are false or misleading as to source, origin, or sponsorship calculated to cause members of the trade or purchasing public to believe that Defendants' goods or services are the goods or services of Plaintiff, or are otherwise

sponsored or associated with, or related to or connected with, or in some way endorsed or promoted by, or under the supervision or control of, Plaintiff;

F. Committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendants' goods or services are the goods or services of Plaintiff, or are otherwise sponsored or associated with, or related to or connected with, or in some way endorsed or promoted by, or under the supervision or control of, Plaintiff;

G. Holding themselves out to the public as franchisees, representatives, or any manner of authorized agents of Plaintiff; and

H. Selling any of Plaintiff's products, whether now existing or hereafter developed, unless such products are lawfully acquired from a source other than a supplier or franchisee of Plaintiff, and unless such products are sold in their original packaging in a non-deceptive manner that is not likely to cause confusion as to the source or origin of such products.

## VII. CONTINUING JURISDICTION

11. This Court shall retain jurisdiction over this proceeding and the Parties hereto for limited purposes of: (a) the enforcement of this CONSENT DECREE and the associated SETTLEMENT AGREEMENT; (b) the resolution of any disputes arising therefrom or associated therewith; and (c) any further litigation involving the issues raised in Plaintiff's Amended Complaint filed herein.

## VIII. ATTORNEY FEES AND COSTS

12. Each Party shall bear its own attorney fees, costs, and expenses incurred in connection with, and relating to, this civil action and the resolution thereof.

IX.    DISMISSAL OF ACTION

13.    Except as otherwise indicated above, this case is dismissed with prejudice.


SO ORDERED THIS __13th__ DAY OF __February__, 20~~12~~ 13

_____
UNITED STATES DISTRICT COURT JUDGE

CONSENTED TO:

| SUPERIOR MEDICAL SUPPLY, INC. | SUPERIOR MEDICAL COMPANY |
|---|---|
| By: /Gabe Carter/ | By: /Michael A. Dirksen/ |
| Name: Gabe Carter | Name: Michael A. Dirksen |
| Title: General Counsel | Title: Vice President |
| Date: 12-13-2012 | Date: 12-13-2012 |

SUPERIOR MEDICAL COMPANY

By:    /Michael E. Arnold/

Name: Michael E. Arnold

Title: President

Date: 12-13-2012

MICHAEL E. ARNOLD

By:    /Michael E. Arnold/

Name: Michael E. Arnold

Date: 12-13-2012

MICHAEL A. DIRKSEN

By:    /Michael A. Dirksen/

Name:  Michael A. Dirksen

Date: 12-13-2012

APPROVED AS TO FORM:

By: /Gregg I. Anderson/
    Gregg I. Anderson (CO Bar # 9366)
    MERCHANT & GOULD P.C.
    1050 Seventeenth Street
    Suite 1950
    Denver, CO 80265
    Telephone: (303) 357-1630
    Fax: (303) 357-1671
    ganderson@merchantgould.com
    *Attorneys for Plaintiff*

By: /John A. Arsenault/
    John A. Arsenault (CO Bar # 41327)
    WESSELS & ARSENAULT LLC
    1333 West 120th Avenue
    Suite 302
    Westminster, CO 80234-2713
    Telephone: (303) 459-7898
    Fax: (888) 317-8582
    john.arsenault@frontrangelegalservices.com
    *Attorneys for Defendants*